THE STATE, Respondent, v. RUCKER, Appellant.

1. Tobacco, the growth of this state, is not one of the articles exempt from duty under the act to license auctioneers. (R. C. 1845, p. 161.)
2. A person may be guilty, under the act to license auctioneers, (R. C. 1845, p. 162,) of exercising a trade or business of a public auctioneer without a license, although he may receive no compensation for the act of selling.

*Appeal from St. Louis Criminal Court.*

The defendant moved the court to give the following instructions: " 1. If the jury believe from the evidence in the cause

that George W. Rucker sold at public outcry, at his place of business, the tobacco as charged in the indictment—the growth and production of this state—and that his services in selling the same were a mere gratuity, without reward or compensation, then you must acquit.   2. If the jury believe from the evidence that George W. Rucker sold tobacco at public outcry at his place of business in the city of St. Louis, and that all of said tobacco so sold was the growth of the state of Missouri, you will acquit.   4. To exercise the trade and business of an auctioneer is to pursue that business for a livelihood, and sell goods, wares, merchandise and property at public outcry for a compensation or reward." The court refused to give the foregoing instructions.

*Cline & Jamison*, for appellant.

*Mauro*, (circuit attorney,) for respondent.

RYLAND, Judge, delivered the opinion of the court.

George W. Rucker was indicted at the January term, 1856, of the St. Louis Criminal Court, for unlawfully exercising the trade and business of a public auctioneer.  He appeared to the indictment and pleaded not guilty.  The jury found him guilty and assessed the punishment by fine of five hundred dollars. He moved in arrest of judgment, also for a new trial ; both motions being overruled, he brings the case here by appeal.

The testimony showed that Rucker had at various times sold tobacco at auction in the county of St. Louis.  Sometimes he would sell as many as thirty or forty hogsheads—at other times not so many.  The hogsheads would weigh about 1200 pounds each, and were sold for various prices.  This was within one year before the finding of the indictment.  Mr. Rucker, the defendant, got fifty cents for each cask of tobacco that went on the brakes.  The tobacco was always weighed and sampled, and sometimes sold at auction.  There was no charge made for the selling.  The witness who owned the warehouse stated that Rucker was to have fifty cents for each cask of tobacco that went on the floor.  He was paid that .amount, which was col-

lected of the customers of the house, for weighing and sampling and selling, when a sale was made, but no charge was made for the particular act of selling. Tne compensation to Rucker was fifty cents, whether there was a sale or not. The tobacco was the growth of the state of Missouri. Some may have been raised in Illinois.

There can be no doubt of his selling at auction, and he showed no license for it. His defence is that no license is necessary in order to sell at auction the tobacco which was the growth of this state; and that to be guilty, he must be proved to have followed the business for a livelihood or support, and the defendant complains of the instructions given against him and of the refusal to give the instructions asked for by him. The court instructed the jury: " If they believe that defendant, at St. Louis county, one year next before the finding of the indictment, did exercise the trade and business of a public auctioneer, by selling leaf tobacco at public auction without a license, as charged in the indictment, they should find him guilty, and assess his punishment by a fine of five hundred dollars; and in such case it makes no difference whether the defendant received any compensation for the specific act of selling or not, nor does it make any difference, so far as it concerns this prosecution, where the tobacco was raised." This instruction is correct. The act under which this prosecution is carried on declares that " no person shall exercise the trade or business of a public auctioneer, by selling any goods or other property subject to duty under this law without a license." (R. C. 1845, p. 162.) " Slaves, live stock, agricultural productions, farming utensils, and household and kitchen furniture, *sold at the residence of the owner ;*"—sales of this property shall be free of duty. (R. C. 1845, p. 164.) Then the growth of tobacco here makes no difference unless the sale at auction be at the residence of the owner. There is no pretence that such was the case here. The statute makes the penalty for a violation five hundred dollars. The defendant can not complain that the court laid down the law improperly.

The court very properly refused to give the instructions asked for by defendant. So far as these relate to the growth of the tobacco, the principle was properly stated in the one given first for the state ; as respects compensation and the following the business for a support, there was no foundation for any such instructions. The whole were therefore refused very properly. Let the judgment be affirmed ; the other judges concurring.